UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------
THOMAS GESUALDI, LOUIS BISIGNANO,
DARIN JEFFERS, MICHAEL O'TOOLE,
MICHAEL BOURGAL, FRANK H. FINKEL,         MEMORANDUM & ORDER
JOESEPH A. FERRARA, SR., MARC             22-CV-3790 (JS)(LGD)
HERBST, ROBERT G. WESSELS, and
THOMAS CORBETT, as trustees and
fiduciaries of THE LOCAL 282
WELFARE TRUST FUND, THE LOCAL 282
PENSION TRUST FUND, THE LOCAL 282
ANNUITY TRUST FUND, THE LOCAL 282
JOB TRAINING TRUST FUND, and THE
LOCAL 282 VACATION and SICK LEAVE
TRUST FUND,

    Plaintiffs,

      -against-

EAGLE INSULATION DISTRIBUTORS
SUPPLY INC., and FROG INSULATION
MANUFACTURERS INC.,

    Defendants.

--------------------------------X

FROG INSULATION MANUFACTURERS INC.,

    Cross-Claimant,

      -against-

EAGLE INSULATION DISTRIBUTORS
SUPPLY INC.,

    Cross-Defendant.

--------------------------------X

EAGLE INSULATION DISTRIBUTORS
SUPPLY INC.,

    Cross-Claimant,

     -against-

FROG INSULATION MANUFACTURERS INC.,

    Cross-Defendant.

-------------------------------X


APPEARANCES


For Plaintiffs:          Arthur Joseph Muller, Esq.
                     Christopher A. Smith, Esq.
                     Trivella & Forte LLP
                     1311 Mamaroneck Avenue
                     White Plains, New York 10605


For Defendant Eagle     Kevin Scott Johnson, Esq.
Insulation Distributors K.S. Johnson, Esq. Attorney at Law
Supply Inc.:           11 Broadway, Suite 615
                     New York, New York 10004


For Defendant Frog      Eddie A. Pantiliat, Esq.
Insulation Manufacturers Hymson Goldstein Pantiliat & Lohr, PLLC
Inc.:                  8706 East Manzanita Drive, Suite 100
                     Scottsdale, Arizona 85258


SEYBERT, District Judge:

      On June 28, 2022, Plaintiffs Thomas Gesualdi, Louis

Bisignano, Darin Jeffers, Michael O'Toole, Michael Bourgal, Frank

H. Finkel, Joeseph A. Ferrara, Sr., Marc Herbst, Robert G. Wessels,

and Thomas Corbett, as trustees and fiduciaries of the Local 282

Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund (collectively, "Plaintiffs") commenced this ERISA action against Defendants Eagle Insulation Distributors Supply Inc. (hereinafter, "Defendant Eagle") and Defendant Frog Insulation Manufacturers Inc. (hereinafter, "Defendant Frog") (together, "Defendants"). (See generally, Compl., ECF No. 1.)

On August 19, 2022, Defendant Frog answered Plaintiffs' Complaint and brought a crossclaim against Defendant Eagle. (See Def. Frog's Ans., ECF No. 12.) On October 17, 2022, Defendant Eagle answered Plaintiffs' Complaint and Defendant Frog's crossclaim and brought a crossclaim of its own against Defendant Frog. (See Def. Eagle's Ans., ECF No. 22.)

The parties began to engage in discovery. However, over time, Defendant Eagle and its sole remaining counsel, Kevin Scott Johnson (hereinafter, "Mr. Johnson"), began ignoring opposing counsel, court orders, deadlines, and mandated appearances at conferences. Due to Defendant Eagle's and Mr. Johnson's continued noncompliance, Magistrate Judge Lee G. Dunst (hereinafter, "Magistrate" or "Judge Dunst") ordered Plaintiffs and Defendant Frog to "file motions with Judge Seybert to strike Defendant Eagle's answers and enter default judgment against it." (See ECF No. 60.)

3

On July 12, 2024, Plaintiffs filed their motion to strike Defendant Eagle's pleadings (hereinafter, "Plaintiffs' Motion to Strike") and motion for default judgment against Defendant Eagle (hereinafter, "Plaintiffs' Default Motion") (together, "Plaintiffs' Motions"). (See Mot., ECF No. 65.) Plaintiffs did not, and have not, filed a memorandum of law in support of their Motions. (See Case Docket, in toto.) The only reference or inclusion of a memorandum of law in support of Plaintiffs' Motions is the following statement made in Plaintiffs' supporting declaration: "For the reasons stated in the Court's prior Orders and in the Defendant Frog's Memorandum of Law . . . Defendant Eagle Insulation Distributors Supply Inc. failed to comply with its discovery obligations, failed on multiple times to appear at Court conferences or file a Court ordered attorney affidavit." (See Smith Decl., ECF No. 67, ¶ 9.) On the same day Plaintiffs filed their Motions, Defendant Frog filed its motion to strike Defendant Eagle's pleadings (hereinafter, "Defendant Frog's Motion to Strike") and motion for default judgment against Defendant Eagle (hereinafter, "Defendant Frog's Default Motion") (together, "Defendant Frog's Motions"). (See Mot., ECF No. 62.) Defendant Frog also filed a memorandum of law in support of its Motions (see Def. Frog's Support Memo, ECF No. 64), and a supporting declaration (see Pantiliat Decl., ECF No. 63). Defendant Eagle never filed an

opposition to Plaintiffs' Motions or Defendant Frog's Motions. (See Case Docket, in toto.)

On October 9, 2024, the undersigned referred Plaintiffs' Motions and Defendant Frog's Motions to Judge Dunst for a Report and Recommendation. (See Oct. 9, 2024 Elec. Order.)

On January 29, 2025, Judge Dunst issued a Report and Recommendation (hereinafter, "Report" or "R&R") recommending the Court: (1) grant Plaintiffs' Motion to Strike; (2) grant Defendant Frog's Motion to Strike; (3) deny Plaintiffs' Default Motion without prejudice to renew; and (4) deny Defendant Frog's Default Motion without prejudice to renew. (R&R, ECF No. 80, at 14-15.)

On February 12, 2025, Plaintiffs filed objections to Judge Dunst's R&R as to his ruling on Plaintiffs' Default Motion (hereinafter, "Objections"). (Pls.' Objs., ECF No. 81.) Defendant Eagle did not respond to the Objections. (See Case Docket, in toto.) Defendant Frog did not file objections to any portion of Judge Dunst's R&R. (See id.)

For the reasons stated herein, Plaintiffs Objections are OVERRULED, and the R&R is ADOPTED; therefore: Plaintiffs' Motion to Strike is GRANTED; Defendant Frog's Motion to Strike is GRANTED; Plaintiffs' Default Motion is DENIED without prejudice to renew; and, Defendant Frog's Default Motion is DENIED without prejudice to renew.

BACKGROUND

I.    Factual and Procedural Background

        The Court presumes the parties' familiarity with, adopts, and incorporates herein, the factual and procedural background as set forth in the R&R.[1]  (R&R at 3-7.)  See generally Sali v. Zwanger & Pesiri Radiology Grp., LLP, No. 19-CV-0275, 2022 WL 819178, at *1 (E.D.N.Y. Mar. 18, 2022) (where no party challenges magistrate judge's recitation of the factual and procedural background of the case, upon clear error review, adopting and incorporating same into court's order).

II.   Judge Dunst's R&R

        Judge Dunst's Report is summarized as follows:

        A. Motions to Strike

        Judge Dunst first determined Plaintiffs' Motion to Strike and Defendant Frog's Motion to Strike should be granted because since at least May 2024, Defendant Eagle and Mr. Johnson have failed to produce outstanding discovery, despite repeated calls and emails from opposing counsel.  (R&R at 12-13.)  After Judge Dunst evaluated the relevant factors, he concluded: (1) Defendant Eagle and Mr. Johnson "willfully failed to comply with several order of this Court"; (2) imposing lesser sanctions would

---

[1] The Court acknowledges Defendant Karagrozis' statement that he "assumes the truth of these allegations solely for the purpose of the present motion practice."  (Def.'s Objs. at 1 n.1.)

be "an exercise in futility" since Defendant Eagle and Mr. Johnson have not participated in this case in any fashion since early 2024 and have been disregarding the Court's orders; (3) Defendant Eagle and Mr. Johnson have been engaging in a "continuing saga of dilatory conduct" which began on or around May 2024 and has continued through the present day; and, (4) Defendant Eagle and Mr. Johnson had sufficient notice of the potential consequences of their noncompliance in light of proof they received the Court's orders. (See id. at 13-14.)

### B. Default Motions

Judge Dunst then determined both Plaintiffs' and Defendant Frog's Default Motions should be denied without prejudice to renew. (See id. at 14-15.) Judge Dunst recommended this because: (1) neither Plaintiffs nor Defendant Frog obtained "the mandatory certificate of default from the Clerk of Court before requesting default judgment as required"; and (2) Plaintiffs' Default Motion is procedurally defective under the Local Civil Rules of the Eastern District of New York because Plaintiffs did not file their own memorandum of law in support of their Default Motion. (See id. at 15.)

### III. Plaintiffs' Objections to the R&R

Plaintiffs assert five Objections to the portion of Judge Dunst's R&R concerning their Default Motion against Defendant Eagle. First, Plaintiffs reiterate Defendant Eagle's

conduct is willful and therefore justifies default judgment. (See Pls' Obs. at 2-3.) Second, Plaintiffs argue that further delaying default judgment against Defendant Eagle prejudices them because they have been litigating for more than two years. (See id. at 3.) Third, Plaintiffs assert they are entitled to default judgment against Defendant Eagle because they have established entitlement to relief. (See id. at 3-4.) Fourth, Plaintiffs contend there is no risk of inconsistent judgments and therefore no reason to delay default judgment against Defendant Eagle until the case has ended. (See id. at 4.) Last, Plaintiffs aver their Motion for Default Judgment was not procedurally defective as they did not need a certificate of default and incorporated Defendant Frog's support memorandum of law by reference into their own Motions. (See id. at 4-5.)

The Court finds Plaintiffs' Objections to be without merit and addresses each, in turn, below.

## DISCUSSION

I.  Legal Standards

  A. Report and Recommendation

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). The district judge must evaluate proper objections de novo; however, where a party "makes only conclusory or general

8

objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); FED. R. CIV. P. 72(b)(3); see also U.S. Small Bus. Admin. v. Ameritrans Holdings, LLC, No. 20-CV-1166, 2024 WL 704621, at *2 (E.D.N.Y. Feb. 21, 2024) (applying clear error review where "[d]efendants' regurgitation of their original arguments [was] readily apparent when comparing their [underlying motion] to their [o]bjections"). Moreover, the Court need not review the findings and conclusions to which no proper objection has been made. See Thomas v. Arn, 474 U.S. 140, 150 (1985).

Additionally, "[i]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." Tevac, Inc. v. Dynamics eShop, Inc., No. 19-CV-3650, 2022 WL 4483439, at *3 (E.D.N.Y. Sept. 27, 2022) (quoting Zhao v. State Univ. of N.Y., No. 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011)); see also Page v. Ellenoff Grossman & Schole LLP, No. 22-CV-4453, 2023 WL 4841916, at *1 (S.D.N.Y. July 28, 2023) ("WHEREAS the Court need not consider arguments contained in the objections that were not raised initially before the magistrate judge . . . ."), aff'd, No. 23-1199, 2024 WL 4195137 (2d Cir. Sept. 16, 2024).

9

B. <u>Motion for Default</u>

"Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation." <u>Marchella of NY Inc. v. Mejia Tropical Prods. LLC</u>, No. 22-CV-551, 2023 WL 2974231, at *2 (E.D.N.Y. Apr. 17, 2023) (quoting <u>Vt. Teddy Bear Co. v. 1-800 Beargram Co.</u>, 373 F.3d 241, 246 (2d Cir. 2004)). "Rule 55 provides a two-step process for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." <u>Id.</u> (quoting <u>City of N.Y. v. Mickalis Pawn Shop, LLC</u>, 645 F.3d 114, 128 (2d Cir. 2011) (citation modified)).

"Initially, the moving party must obtain a certificate of default from the Clerk of the Court." <u>Seaford Ave. Corp. v. ION Ins. Co., Inc.</u>, No. 22-CV-3449, 2022 WL 17669438, at *2 (E.D.N.Y. Dec. 14, 2022) (first citing <u>Priestley v. Headminder, Inc.</u>, 647 F.3d 497, 497 (2d Cir. 2011), then citing FED. R. CIV. P. 55(a)). Entry of default is appropriate where a "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). A defendant's default is "an concession of all well pleaded allegations of liability" against it. <u>A&B Alt. Mktg. v. Int'l Quality Fruit Inc.</u>, 35 F.4th 913, 916 (2d Cir. 2022); <u>Mickalis Pawn Shop</u>, 645 F.3d at 128 ("The first step, entry of a default, formalizes a judicial

recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff.").

Upon the satisfaction of the first step, once the certificate of default is issued, the second step of Rule 55 must then be satisfied, meaning the moving party must move for an entry of default judgment. See FED. R. CIV. P. 55(b); see also Windward Bora LLC v. Thomas, No. 20-CV-6046, 2022 WL 5114489, at *3 (E.D.N.Y. Sept. 30, 2022). "The second step, entry of a default judgment [pursuant to Rule 55(b)], converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." Mickalis Pawn Shop, 645 F.3d at 128. When determining whether default judgment is warranted, the court reviews a plaintiff's allegations to decide whether said allegations establish a defendant's liability as a matter of law. See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009); see also A&B Alt. Mktg. v. Int'l Quality Fruit Inc., 521 F. Supp. 3d 170, 175–76 (E.D.N.Y. 2021) ("It is hornbook law that on a motion for default judgment, the well-pleaded allegations of the complaint pertaining to liability are accepted as true." (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992))).

11

Additionally, "[i]f a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery . . . the court . . . <u>may</u> issue further just orders.  They <u>may</u> include the following . . . rendering a default judgment against the disobedient party."  <u>See</u> Fed. R. Civ. P. 37(b)(2)(A)(vi) (emphasis added).

However, the entry of a default judgment is "entrusted to the sound judicial discretion of the court," and a party is not entitled to a default judgment as a matter of right.  <u>Windward Bora LLC</u>, 2022 WL 5114489, at *3 (quoting <u>Allstate Ins. Co. v. Howell</u>, No. 09-CV-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013)).  In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," and doubts should be resolved in favor of the defaulting party.  <u>Id.</u> (quoting <u>Jiao v. Shang Shang Qian Inc.</u>, No. 18-CV-562, 2020 WL 6370148, at *10–11 (E.D.N.Y. Aug. 11, 2020)).

Furthermore, "[w]here the movant is represented by counsel . . . a motion for default judgment will not be granted unless the party making that motion adheres to certain local and individual rules."  <u>Doe v. Gonzalez</u>, No. 21-CV-4580, 2023 WL 5547936, at *1 (E.D.N.Y. Aug. 29, 2023) (quoting <u>Tenemaza v. Eagle Masonry Corp.</u>, No. 20-CV-0452, 2021 WL 8317120, at *3 (E.D.N.Y. July 22, 2021)).  Noncompliance with Local Civil Rule 55.2

12

"warrants denial of the motion for default judgment." Id.
(quoting Tenemaza, 2021 WL 8317120, at *3).

II.  Analysis[2]

   A. The Objections Warrant Clear Error Review

      Turning to the Objections, the Court finds them to be
"mere reiterations of the arguments in [the] original papers that
were fully considered, and rejected, by" Judge Dunst. Out of the
Blue Wholesale, LLC v. Pac. Am. Fish Co., Inc., No. 19-CV-0254,
2020 WL 7488072, at *2 (E.D.N.Y. Dec. 21, 2020) (quoting Rizzi v.
Hilton Domestic Operating Co., Inc., No. 19-CV-1127, 2020 WL
6243713, at *2 (E.D.N.Y. Oct. 23, 2020) (collecting cases)).  While
Plaintiffs did not file their own memorandum of law in support of
their Default Motion (see Case Docket, in toto), Judge Dunst, in
his Report, considered all the Objections Plaintiffs now raise.
(Compare R&R at 13 ("[Defendant] Eagle and Mr. Johnson willfully
failed to comply with several orders of this Court, as they ignored
each of the aforementioned orders despite being afforded several
opportunities to comply"), at 3-4 & 14 (noting Plaintiffs initiated
this action in June 2022, and Defendant Eagle and Mr. Johnson have
"engaged in a 'continuing saga of dilatory conduct'" since May

---

[2] Because there have been no objections filed by any parties as to
Judge Dunst's recommendations: (1) granting Plaintiffs' Motion to
Strike; (2) granting Defendant Frog's Motion to Strike; and (3)
denying Defendant Frog's Default Motion, upon clear error review,
the Court adopts said recommendations in their entirety. (See R&R
at 12-15.)

13

2024), at 15 ("Plaintiffs failed to properly address, as they must, the legal basis for [Defendant] Eagle's liability"), at 15 (noting if the parties seek to file renewed Default Motions, "they should address whether they are seeking judgment as to liability only while the case is still pending between Plaintiffs and [Defendant] Frog in light of the general principle that awarding damages on default judgment is premature until the case has been fully litigated against all remaining parties"), and at 14-15 (acknowledging Plaintiffs and Defendant Frog both failed to obtain certificates of default from the Clerk of Court before requesting default judgment, as required by the Local Rules, and Plaintiffs did not file their own memorandum of law, also required per the Local Rules), with Pls.' Objs. at 2-5 (same).)

    B. Plaintiffs' Objections[3]

        i.  Defendant Eagle's Conduct is Willful and Justifies Default Judgment

    As Plaintiffs' first Objection, they contend Defendant Eagle's conduct is willful and justifies default judgment, and

---

[3] Plaintiffs' Objections are all arguments that could have been raised before Judge Dunst, but were not, due to Plaintiffs' failure to submit a memorandum of law in support of their Default Motion. (See Case Docket, in toto; see generally Pls.' Objs.)  The law is well-settled that "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not."  Tevac, Inc., 2022 WL 4483439, at *3; see also Page, 2023 WL 4841916, at *1.  However, the Court addresses Plaintiffs' Objections for clarity's sake.

14

asserts the Magistrate's Report even acknowledges Defendant Eagle's and Mr. Johnson's repeated failures to comply with discovery obligations in this case (as well as others). (See Pls.' Objs. at 2-3.) As Plaintiffs highlight, Judge Dunst acknowledges Defendant Eagle's and Mr. Johnson's willful in his Report. (See id.; see also R&R at 13). In fact, it was Judge Dunst who ordered Plaintiffs to file these Motions in the first place, due to said continued noncompliance. (See R&R at 6; see also ECF No. 60 (Judge Dunst ordered Plaintiffs and Defendant Frog to "file motions with Judge Seybert to strike Defendant Eagle's answers and enter default judgment against it").) However, Defendant Eagle's and Mr. Johnson's willfulness, on its own, does not eliminate the Plaintiffs' need to clear the requisite procedural hurdles imposed pursuant to both the Federal Rules of Civil Procedure and the Local Civil Rules of the Eastern District of New York.

Regarding the Federal Rules of Civil Procedure: Plaintiffs brought their Default Motion pursuant to Federal Rules of Civil Procedure 37(b) and 55(a). Rule 37(b) states: "If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery . . . the court . . . may issue further just orders. They may include the following . . . rendering a default judgment against the disobedient party." See FED. R. CIV. P. 37(b)(2)(A)(vi) (emphasis added). The use of "may" indicates ordering default judgment is

15

within the discretion of the Court, likewise, it was within Judge Dunst's discretion to deny Plaintiffs' Default Motion pursuant to Rule 37(b).  <u>See</u> <u>Windward Bora LLC</u>, 2022 WL 5114489, at *3 (entering a default judgment is "entrusted to the sound judicial discretion of the court," and a party is not entitled to a default judgment as a matter of right (quoting <u>Allstate Ins. Co.</u>, 2013 WL 5447152, at *1)).  Defendant Frog's memorandum, which Plaintiffs allegedly incorporated by reference into their Motions (<u>see</u> Smith Decl. ¶ 9 (citing Def. Frog's Support Memo)) acknowledges the discretionary nature of a default being entered by the Court (instead of the Clerk).  (<u>See</u> Def. Frog's Support Memo at 10-11 (citing <u>Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.</u>, 687 F.2d 182, 185 (7th Cir. 1982) ("Although Rule 55(a) . . . refers to entry of default by the clerk, it is well-established that a <u>default **also may be** entered by the court</u>." (emphasis added))).  There is no indication Judge Dunst abused his discretion in recommending default judgment be denied.

Furthermore, regarding Rule 55(a), Plaintiffs have not complied with the <u>federal and local procedural rules</u> for parties seeking entry of default pursuant to Rule 55(a), as detailed in the Local Civil Rules of the Eastern District of New York.  (<u>See</u> E.D.N.Y. Loc. Civ. R. 55.1 & 55.2.)  As Judge Dunst astutely discerned, Plaintiffs "failed to obtain the mandatory certificate of default from the Clerk of the Court before requesting default

16

judgment as required by Rule 55 and Rule 55.2 of the Local Civil Rules of the Eastern District of New York." (R&R at 14-15 (first citing FED. R. CIV. P. 55(a), then citing E.D.N.Y. Loc. Civ. R. 55.2(a)(1)(A)).) Additionally, Plaintiffs failed to file their own memorandum of law accompanying their Motion, as required by the Local Civil Rules. (See R&R at 15 (citing E.D.N.Y. Loc. Civ. R. 55.2(a)(2)).) While Plaintiffs contend they "incorporated by reference [Defendant] Frog['s] . . . Memorandum of Law . . . and set forth Plaintiffs' legal basis of liability against [Defendant] Eagle in the Complaint and in the audit report submitted in support of Plaintiffs' motion" (Pls.' Objs. at 4-5). The Court is unpersuaded. Attorney Smith's Declaration does not incorporate by reference Defendant Frog's Support Memo. (See Smith Decl. ¶ 9.) Of greater relevance, Judge Dunst is correct that, even though the Court can look at the Complaint (see Compl.), and the Supplemental Declaration (see Suppl. Decl., ECF No. 73), because there is no supporting memorandum of law, Plaintiffs' "fail[] to properly address . . . the legal basis for [Defendant] Eagle's liability," as their position is without supporting legal authority, case law, and an application of the facts of the case to the relevant law. (See R&R at 15; see also Case Docket, in toto.) Hence, the need for the Local Civil Rules requiring a memorandum of law, and the accompanying need to comply with said Local Civil Rule. (See E.D.N.Y. Loc. Civ. R. 55.2(a)(2).) Plaintiffs' general reference

17

to Defendant Frog's support memorandum simply does not suffice. (See Smith Decl. ¶ 9 (citing Def. Frog's Support Memo).) Therefore, as the Court finds no clear error, this Objection is OVERRULED.

### ii. Prejudice Due to Delay

Plaintiffs' second Objection is that further delaying default judgment against Defendant Eagle prejudices them because they have been litigating for more than two years. (See Pls.' Objs. at 3.)  In his Report, Judge Dunst also acknowledged the length of the overall action, and the length of Defendant Eagle's and Mr. Johnson's "dilatory conduct." (R&R at 3-4, 14.)  However, this delay does not absolve Plaintiffs of their obligation to comply with the procedural steps as laid out in the Federal and Local Civil Rules, and such compliance is not present here. (See supra Section II.b.i.)

Furthermore, Plaintiffs are not "strangers" to this Court and its processes; they know well that the first step to seeking default judgment is requesting a certificate of default from the Clerk of Court; indeed, they have done so in other cases before this Court.[4]  Such history makes this Court further unsure

---

[4] See, e.g., Gesualdi et al. v. HHM Associates, Inc. et al., No. 25-CV-2333, ECF No. 12 (E.D.N.Y. 2025); Gesualdi et al. v. South Bay Industries Inc., No. 25-CV-02307, ECF No. 8 (E.D.N.Y. 2025); Gesualdi et al. v. Adria Infrastructure LLC et al., No. 25-CV-3247, ECF No. 7 (E.D.N.Y. 2025).

as to why Plaintiffs, now complaining of delay: (1) did not request a certificate of default in the first instance; and (2) objected to Judge Dunst's Report, instead of simply re-filing their Default Motion, following the correct procedures.

Therefore, this Objection is OVERRULED.

### iii. Plaintiffs Established Entitlement to Relief

As Plaintiffs' third Objection, they contend they are entitled to default judgment against Defendant Eagle because they have established entitlement to relief. (See Pls.' Objs. at 3-4.) That places the proverbial cart before the horse. In any event, for the same reasons as stated above (see supra Section II.b.i), the Court finds no clear error and thus OVERRULES this Objection.

### iv. No Risk of Inconsistent Judgments

As Plaintiffs' fourth Objection, they argue there is no reason to delay default judgment against Defendant Eagle until the case has ended because there is no risk of inconsistent judgments. (See Pls.' Objs. at 4.)

Plaintiffs assert this Objection in response to Judge Dunst's Report recommending: "[I]n the event that the parties seek to file renewed motions for default judgment against [Defendant] Eagle, they should address whether they are seeking judgment as to liability only while the case is still pending between Plaintiffs and [Defendant] Frog in light of the general principle that

19

awarding damages on default judgment is premature until the case has been fully litigated against all remaining parties." (R&R at 15 (citing <u>Pub. Adm'r of County of Nassau v. County of Nassau</u>, No. 17-CV-5623, 2024 WL 1244844, at *6 (E.D.N.Y. Mar. 21, 2024)).)

However, Plaintiffs' raise this argument prematurely, as Judge Dunst was recommending this be addressed in Plaintiffs' <u>renewed</u> Default Motion. (<u>See</u> R&R at 15.)

The Court has already addressed why Plaintiffs' Default Motion is not procedurally proper, and therefore, must be denied. (<u>See</u> <u>supra</u> Section II.b.i.) Since this Objection is not yet ripe, it need not be ruled upon; however, for consistency, it is OVERRULED.

### v. <u>Plaintiffs' Default Motion was not Procedurally Defective</u>

As Plaintiffs' fifth Objection, they contend their Default Motion was not procedurally defective as they: (1) did not need a certificate of default; and (2) incorporated Defendant Frog's support memorandum by reference in their own Motions. (<u>See</u> Pls.' Objs. at 4-5.)

The Court has already addressed this argument and agreed with Judge Dunst that Plaintiffs' Default Motion was, in fact, procedurally improper and did not incorporate by reference Defendant Frog's support memorandum. (<u>See</u> <u>supra</u> Section II.b.i.)

Therefore, for the same reasons stated above, the Court finds no clear error and thus OVERRULES this Objection.

CONCLUSION

Accordingly, for the stated reasons, IT IS HEREBY ORDERED that:

I.   Plaintiffs' Objections (ECF No. 81) are OVERRULED;

II.  The R&R (ECF No. 80) is ADOPTED in its entirety, with:

A.  Plaintiffs' Motion to Strike (ECF No. 65) being GRANTED;

B.  Defendant Frog's Motion to Strike (ECF No. 62) being GRANTED;

C.  Plaintiffs' Default Motion (ECF No. 65) being DENIED, without prejudice to renew; and

D.  Defendant Frog's Default Motion (ECF No. 62) being DENIED, without prejudice to renew.

III. Plaintiffs and Defendant Frog shall have 45 days from service of this Memorandum and Order to file their renewed Default Motions.  Plaintiffs and Defendant Frog are directed to address, with citations to applicable case law, whether they are seeking judgment as to liability only while the case is still pending between Plaintiffs and Defendant Frog, "in

21

light of the general principle that awarding damages on default judgment is premature until the case has been fully litigated against all remaining parties." (R&R at 15 (citing <u>Pub. Adm'r of County of Nassau</u>, 2024 WL 1244844, at *6).)


SO ORDERED.

<u>/s/ JOANNA SEYBERT</u>
Joanna Seybert, U.S.D.J.


Dated: September 8, 2025
       Central Islip, New York