**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------X

THOMAS GESUALDI, LOUIS BISIGNANO, DARIN JEFFERS, MICHAEL O'TOOLE, MICHAEL BOURGAL, FRANK H. FINKEL, JOESEPH A. FERRARA, SR., MARC HERBST, ROBERT G. WESSELS, and THOMAS CORBETT AS TRUSTEES AND FIDUCIARIES OF THE LOCAL 282 WELFARE TRUST FUND, THE LOCAL 282 PENSION TRUST FUND, THE LOCAL 282 ANNUITY TRUST FUND, THE LOCAL 282 JOB TRAINING TRUST FUND, AND THE LOCAL 282 VACATION AND SICK LEAVE TRUST FUND,

Plaintiffs,

v.

EAGLE INSULATION DISTRIBUTORS SUPPLY INC. and FROG INSULATION MANUFACTURERS INC.

Defendants.

-------------------------------------------------------X

FROG INSULATION MANUFACTURERS INC.,

Cross-Claimant,

v.

EAGLE INSULATION DISTRIBUTORS SUPPLY INC.

Cross-Defendant.

-------------------------------------------------------X

**REPORT AND RECOMMENDATION**

22-cv-03790 (JS)(LGD)

EAGLE INSULATION DISTRIBUTORS
SUPPLY INC.,

Cross-Claimant,

v.

FROG INSULATION MANUFACTURERS INC.

Cross-Defendant.
---------------------------------------------------------X

**LEE G. DUNST, Magistrate Judge:**

Plaintiffs have filed a second Motion for Default Judgement (the "Motion") against Defendants Eagle Insulation Distributors Supply Inc. ("Eagle") and Frog Insulation Manufacturers Inc. ("Frog") (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 55. *See* Electronic Case Filing ("ECF") No. 88. On March 12, 2026, District Judge Joanna Seybert referred the Motion to the undersigned for a Report and Recommendation. *See* Electronic Order, dated March 12, 2026.

For the reasons below, the undersigned respectfully recommends that Plaintiff's second Motion be denied without prejudice as procedurally defective.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court assumes knowledge of the factual and procedural background delineated in the undersigned's first Report and Recommendation ("First R&R"). *See Gesualdi v. Eagle Insulation Distributors Supply Inc.,* No. 22-CV-03790, 2025 WL 341053 (E.D.N.Y. Jan. 29, 2025), *report and recommendation adopted*, 2025 WL 2598198 (E.D.N.Y. Sept. 9, 2025).

### A. Factual Background[1]

Plaintiffs are trustees and fiduciaries of the employee benefit funds known as the Local 282 Pension Funds ("Funds"). *See* ECF No. 1 ¶¶ 6–10; ECF No. 67 ¶ 6. Defendant Eagle is a party to a collective bargaining agreement ("CBA") with Plaintiffs that expressly requires Eagle to make contributions to the Funds. Although Frog did not sign the CBA, Plaintiffs allege that Frog is an alter ego of Eagle (which Frog denies) and is therefore bound by the CBA's terms, requiring that Frog also pay contribution to the Funds. *See* ECF No. 1 ¶¶ 33–78; ECF No. 63 ¶ 4; ECF No. 63 ¶ 5.

Plaintiffs allege that Eagle and Frog failed to remit contributions to the Funds for hours worked by individuals covered by the CBA, thus violating Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 301(a) of the LMRA, 29 U.S.C. § 185(a). *See* ECF No. 1 at ¶¶ 80–104. Specifically, Plaintiffs claim that Eagle failed to report the work performed by (or remit contributions for) Frog employees, even though the companies were alter egos of each other. *See id.* ¶¶ 52–59. Plaintiffs' Complaint seeks a declaratory judgment binding Defendants to the CBA, and order compelling Defendants to audit their books and records, remit unpaid contributions, and pay statutory and contractual damages, interest, liquidated damages, and attorney's fees and costs. *See id.* ¶ 104(a–g).

### B. Procedural Background

On January 29, 2025, the undersigned issued the First R&R, recommending that Judge Seybert strike Eagle's answer and deny Plaintiffs' original default judgment motion as procedurally defective. *See* ECF No. 80. Judge Seybert adopted the First R&R and overruled

---

[1] These facts are taken from Plaintiff's Complaint. *See* ECF No. 1. The facts of the Complaint are assumed to be true for the purposes of this Motion. *See Finkel v. Romanowicz*, 577 F. 3d 79, 83 (2d. Cir. 2009) ("In light of [defendant's] default, a court is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor.").

any Plaintiffs' objections on September 9, 2025. *See* ECF No. 82 at 21. Judge Seybert granted a 45-day deadline (October 24, 2025) for Plaintiffs to renew their default judgment motion. *See id.* at 21–22; *see also* Electronic Order, dated September 16, 2025 ("The deadline for the parties to file dispositive motions with Judge Seybert is extended to 45 days after Judge Seybert issues a ruling on the parties' anticipated renewed motions for default judgment").

On September 18, 2025, the Clerk of the Court entered default against Eagle. *See* ECF No. 85. On October 24, 2025, the deadline to file renewed Motions had passed without any request for extensions. The parties subsequently requested a retroactive extension of the October 24, 2025 deadline and claimed that their untimeliness was "not the result of intentional noncompliance." *See* ECF No. 86 (extension request); ECF No. 87 (joint status report). Notwithstanding their untimeliness, Judge Seybert granted the parties' extension request. *See* Electronic Order, dated February 4, 2026. The parties timely submitted the instant Motion on February 16, 2026. *See* ECF Nos. 88–93 (default judgment motion and supporting papers).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 and the Local Civil Rules of the Eastern District of New York govern default judgment, setting a two-part process that a party seeking default judgment must follow: (1) the party must obtain a certificate of default from the clerk of the court; (2) the party must file their motion along with required papers supporting the motion. *See* *Windward Bora LLC v. Thomas,* No. 20-cv-6046, 2022 WL 5114489, at *3 (E.D.N.Y. Sept. 30, 2022); FED. R. CIV. P. 55(a); E.D.N.Y. Loc. Civ. R. 55.2(a)(1)(A) (requiring that the party seeking default judgment obtain a clerk's certificate of default before they file a motion for default judgment); Fed. R. Civ. P. 55(b); E.D.N.Y. Loc. Civ. R. 55.2(a)(2) (requiring that a party

moving for default judgment file a memorandum of law in support of the motion); *see also* ECF No. 80 at 9.

Per Local Civil Rule 55.2(a)(2), Plaintiffs must support their motion for default judgment with a memorandum of law. *Local 1992 Pension Fund v. A-G Electrical Supply Co. Inc.*, No. 21-cv-3441, 2023 WL 5003618, at *3 (E.D.N.Y. July 19, 2023). Without an adequate memorandum of law, courts have routinely denied motions for default judgment. *See A-G Electrical Supply Co. Inc.*, 2023 WL 5003618 at *3 (denying plaintiff's first motion for default judgment for many reasons, including the failure to include a memorandum of law); *Morales v. Los Cafetales Rest. Corp.*, No. 21-cv-1868, 2023 WL 375647 at *4 (E.D.N.Y. Jan. 3, 2023) (denying Plaintiff's motion for default judgment for submitting support via an affidavit in lieu of a memorandum of law). The memorandum of law must explain, element-by-element, why the defendant should be held liable. *See Trustees of the Pavers and Road Builders District Council Welfare, Pension, and Annuity Funds v. IKNA Construction LLC*, No. 24-CV-561, 2025 WL 447731, at *4 (E.D.N.Y. January 15, 2025) ("'Only after the district our is convinced that the facts meet the elements of the relevant cause of action . . . may the district court enter a default judgment'") (quoting *Henry v. Oluwole*, 108 F. 4th 45, 55 (2d Cir. 2024)). The plaintiff must allege "specific facts," not rehash "mere labels and conclusions" or provide a "formulaic recitation of the elements." *IKNA Construction LLC*, 2025 WL 447731, at *4 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Ultimately, the Court has an independent obligation to "determine whether [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Finkel v. Romanowicz*, 577 F. 3d 79, 84 (2d. Cir. 2009).

## III. DISCUSSION

The undersigned recommends that Plaintiff's second Motion should be denied without prejudice as procedurally defective. *See Windward Bora LLC*, 2022 WL 5114489, at *3 (setting forth two-step process that a party must follow before obtaining default judgment). While Plaintiffs have received a certificate of default from the Clerk of the Court, their memorandum of law is insufficient. *See* FED R. CIV. P. 55(a); E.D.N.Y. Loc. Civ. R. 55.2(a)(1)(A),(a)(2).

ERISA § 515 requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms . . . of a collectively bargained agreement shall . . . make such contributions[.]" 29 U.S.C § 1145. To establish a violation of Section 515, Plaintiffs must establish: (1) the qualifying plan status; (2) the defendant's status as an employer bound by a CBA that required payment of contributions; and (3) the defendant's failure to make those contributions. *See Health & Welfare Fund of the United Food and Commercial Workers Local 2013, AFL-CIO, BY Carotenuto v. Precision Abstract, LLC*, 16-CV-4690, 2017 WL 4325713, at *3 (E.D.N.Y. May 19, 2017); *Finkel v. Omega Communication Services, Inc.*, 543 F. Supp. 2d 156, 160 (E.D.N.Y. 2008). To establish a violation of LMRA § 301, one must demonstrate "an employer's breach of a collective bargaining agreement and/or trust agreement . . . ." *IKNA Construction LLC*, 2025 WL 447731, at *10 (internal quotation marks and citation omitted).

Plaintiffs' supporting memorandum of law does not analyze any of these statutory elements. *See generally* ECF No. 89. Their legal arguments consist of a few sentences providing "mere labels and conclusions" regarding Eagle's alleged violations of the ERISA and LMRA. *See* ECF No. 89 at 2; *IKNA Construction LLC*, 2025 WL 447731, at *4. Plaintiffs' memorandum of law does not specify any of the periods for which Eagle allegedly failed to remit contributions. *See generally* ECF No. 89; *but see IKNA Construction LLC*, 2025 WL 447731, at

*9 (granting default judgment where the complaint specifically alleged employer "failed to submit reports detailing the number of hours of [c]overed [w]ork performed by its employees," corroborated by a memorandum in support); *Carotenuto*, 2017 WL 4325713, at *3 (finding breach of CBA established on default where complaint, corroborated by a memorandum of law, the CBA agreement, and fund administrator's affidavit, demonstrated the defendant's specific monthly failure to remit contributions).

Furthermore, Plaintiffs' memorandum of law fails to demonstrate how the Funds and Eagle fall within ERISA's ambit. *See generally* ECF No. 89. Courts in this District have previously denied default judgment motions lacking sufficient caselaw citations and legal analysis. *See, e.g.*, *Pompey v. 23 Morgan II, LLC*, No. 16-CV-2065, 2017 WL 1102772, at *3 (E.D.N.Y. Feb. 13, 2017) (noting that a memorandum with only two vague caselaw citations "could alone form a basis for denying Plaintiff's motion"). Thus, Plaintiffs' deficient memorandum of law does not comport "strict" requirements of Local Rule 55.2 and warrants denial of the Motion. *See* E.D.N.Y. Loc. Civ. R. 55.2(a)(2); *see also Santacruz v. Blok Chocolatier LLC*, No. 19-CV-544, 2021 WL 4341103, at *2 (E.D.N.Y. June 23, 2021), *report and recommendation adopted*, 2021 WL 4340963 (E.D.N.Y. Sept. 23, 2021) ("Local Rule 55.2 is strictly construed, and failure to comply with the rule is alone a basis to deny the motion for default judgment.").

Plaintiffs claim that "continued delay" in obtaining a default judgment will prejudice their ability to recoup outstanding contributions. *See* ECF No. 89 at 6. That delay is attributable to Plaintiffs. Instead of addressing the procedural improprieties of their original default judgment motion, Plaintiffs objected to the First R&R's denial of that motion. *See generally* ECF No. 81. Plaintiffs then disregarded the 45-day deadline (which expired on October 24, 2025) to file a

renewed default judgment motion and waited until February 3, 2026, to request a retroactive extension. *See* ECF No. 87 at 1. Lastly, the Motion held in abeyance as to Eagle pending a Settlement Conference with Frog on June 9, 2026. *See generally* ECF No. 97.

As the Second Circuit has noted, "it is not the district court's job either to do the target's homework or to take heroic measures aimed at salvaging the target from the predictable consequences of self-indulgent lassitude." *Restivo v. Hessemann*, 846 F. 3d 547, 592 (2d. Cir. 2017) (citations and brackets omitted). Plaintiffs' self-inflicted delay should not be rewarded with an entry of default judgment. *See Cody v. Mello*, 59 F. 3d 13, 15 (2d. Cir. 1995) (holding that mere delay alone does not prejudice the plaintiff); *Davis v. Musler*, 713 F. 2d 907, 916 (2d. Cir. 1983) ("[I]t must be shown that delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'").

## IV. CONCLUSION

For the reasons above, the undersigned recommends that Plaintiff's Motion be denied without prejudice.

## V. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Seybert. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 154–55 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

**SO ORDERED**:

Dated: Central Islip, New York
August 31, 2026

/s/ Lee G. Dunst
LEE G. DUNST
United States Magistrate Judge